PEOPLE *v.* STARDEVANT

Opinion of the Court

1. Criminal Law — Sentencing — Pre-Sentence Report — Due Process.

A defendant is not denied due process by the fact that the trial court considers information in a pre-sentence report in determining sentence.

Concurrence by Levin, J.

2. Criminal Law — Sentencing — Pre-Sentence Report — Due Process.

*A defendant was not denied due process by the trial judge's using a pre-sentence report in determining defendant's sentence where the information in the report relied upon was disclosed to the defendant and the defendant did not deny its accuracy or request an opportunity to contest the information's accuracy.*

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 February 9, 1971, at Detroit. (Docket No. 8979.) Decided April 28, 1971.

Ronald L. Stardevant was convicted, on his plea of guilty, of uttering and publishing a forged instrument. Defendant appeals. The people's motion to affirm granted.

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 303, 527.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scoedeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*R. Glenn Mathews, Jr.,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and V. J. BRENNAN, JJ.

PER CURIAM. Defendant was convicted by his plea of guilty of uttering and publishing a forged instrument, contrary to MCLA § 750.249 (Stat Ann 1962 Rev § 28.446). His appeal as of right is met by the people's motion to affirm. GCR 1963, 817.5 (3).

It is manifest that the question presented, on which decision of the cause depends, is so unsubstantial as to require no argument or formal submission. A defendant is not denied due process rights by the fact that the trial court considers information in a pre-sentence report in determining sentence. *People* v. *Giacalone* (1970), 23 Mich App 163; *People* v. *Camak* (1967), 5 Mich App 655.

Motion to affirm is granted.

Judge LEVIN concurs because the information relied on by the judge when he sentenced the defendant was disclosed to the defendant and the defendant did not deny its accuracy or request an opportunity to contest its accuracy.